UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
VERIZON WIRELESS OF THE EAST LP d/b/a
Verizon Wireless and TARPON TOWERS II, LLC,

                    Plaintiffs,           Docket No.: 7:20-cv-8600 (KMK)

-against-

TOWN OF WAPPINGER, TOWN OF WAPPINGER
PLANNING BOARD, and TOWN OF WAPPINGER
ZONING BOARD OF APPEALS,

                    Defendants.
---------------------------------------------------------------X

## CONSENT JUDGMENT

WHEREAS, Plaintiffs Verizon Wireless of the East LP d/b/a Verizon Wireless ("Verizon") and Tarpon Towers II, LLC ("Tarpon") ("Plaintiffs") instituted this action for varied relief under the Telecommunications Act of 1996 ("TCA") as set forth in their Complaint filed October 15, 2020 ("Complaint") in response to a decision by the Defendant Town of Wappinger Planning Board ("Planning Board");

WHEREAS, among other actions, the Plaintiffs challenged the Planning Board's adoption of a New York State Environmental Quality Review Act ("SEQRA") positive declaration delaying a decision on Plaintiffs' pending zoning application ("Application") for a 150 foot tall monopole tower and related facilities ("Tower Facility") at a 48 acre horse farm in Wappinger ("Farm");

WHEREAS, Defendants Town of Wappinger ("Town"), the Planning Board and Town of Wappinger Zoning Board of Appeals ("ZBA") opposed Plaintiffs' claims and the relief sought and asserted various defenses in an Answer filed December 3, 2020 ("Answer");

WHEREAS, the parties engaged in motion practice and the Court adopted an Opinion &

Order filed January 31, 2022 ("Order") which granted Plaintiffs' motion for summary judgment in part and held that the SEQRA positive declaration adopted by the Planning Board violated Section 332(c)(7)(B)(ii) of the TCA and as a remedy ordered the Defendants to "render a decision on the Application within sixty (60) days....";

WHEREAS, the Plaintiffs timely filed a Motion for Reconsideration, in which they requested, *inter alia*, that the Court reconsider the form of relief ordered and issue an order directing Defendants to grant Plaintiffs all approvals and authorizations necessary for Plaintiffs to construct the Tower Facility;

WHEREAS, the Defendants have timely considered the Order and voted to approve the Tower Facility with conditions which include entry of a Consent Judgment and which decisions incorporate the substantive zoning and other approvals for the Tower Facility;

WHEREAS, copies of the Defendant Planning Board and Defendant ZBA approval resolutions are annexed hereto as Exhibit A ("Approval Resolutions"); and

WHEREAS, the undersigned parties represent that they are fully authorized to execute this Consent Judgment on behalf of the respective parties.

NOW, THEREFORE, without any admission of wrongdoing or violation of law by any party, and subject to the terms and conditions set forth below, the parties stipulate, agree and consent to entry of judgment as follows:

1. This Consent Judgment incorporates all of the Town terms and conditions for the Tower Facility at the Farm.

2. This Consent Judgment shall constitute a special use permit, site plan approval and use/area variances issued pursuant to Wappinger Town Code Chapter 240, along with any other discretionary permit or approval required by other chapters of the Town Code

including but not limited to a local wetlands permit pursuant to Chapter 137, for the Tower Facility as shown in drawings last revised June 25, 2020 and proposed in the Application, subject only to the conditions contained in the Approval Resolutions specifically incorporated by reference herein.

3. The construction and maintenance of the Tower Facility shall comply with the New York State Uniform Fire Prevention and Building Code ("Building Code") and a building permit shall be issued by the Town's Building Department within 15 days of application filing by the Plaintiffs, such application to be reviewed solely for compliance with the Building Code.

4. The parties reserve their rights as related to the New York State Real Property Tax Law as same may be applicable to the Tower Facility and taxation.

5. The Defendants shall move the Court for entry of an order approving this Consent Judgment in accordance with FRCP 58.

6. The parties agree to take all additional steps and actions as may be reasonably required to implement and effectuate the terms and provisions hereof, and without limiting the foregoing, Defendants shall further execute any permits, approvals, or other forms of regulatory approvals as may be reasonably required by a third party in order to install and construct the Tower Facility, subject to and upon any reasonable request by Tarpon and Verizon therefor.

7. This Consent Judgment constitutes the full and complete agreement between the parties and the terms hereof shall not be modified except in writing executed by authorized representatives of the parties.

8. This Consent Judgment effects a release of all claims each party may have

against any other party to the Action as of the date signed by counsel for the parties, and excepting: a) any claims arising under the terms of this Consent Judgment, including for the performance and any alleged breach hereof; or b) reimbursement of reasonable consultant fees incurred by Defendants in review of the Application, subject to the audit and appeal rights of Plaintiffs.

9. Each party shall bear its own costs and attorneys' fees.

10. This Court shall retain jurisdiction to enforce the terms and conditions of this Consent Judgment.

CUDDY & FEDER LLP
*Attorneys for Plaintiff*

By: _____
Christopher B. Fisher
Brendan Goodhouse

445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
(914) 761-1300

DRAKE LOEB PLLC
*Attorneys for Defendants*

By: _____
Adam L. Rodd

555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
(845) 561-0550

TARPON TOWERS II, LLC

By: _____
Brett Buggeln, President and COO

TOWN OF WAPPINGER,
PLANNING BOARD, ZBA

By: _____
Richard L. Thurston, Supervisor

VERIZON WIRELESS OF THE EAST LP

By: _____
Managing Associate General Counsel

SO ORDERED this 22
day of April, 2022

_____
HON. KENNETH M. KARAS, U.S.D.J.